MORRIS KIPPERBERG, Plaintiff, Appellant, *v.* ABRAHAM SACKS, RAPHAEL SACKS, SOLOMON MARSHAK and AARON MARSHAK, Defendants, Respondents.

Supreme Court, Appellate Term, First Department, November 18, 1924.

**Landlord and tenant — action for loss suffered by plaintiff by reason of breach of oral agreement to lease for one year — no material variance between bill of particulars and proof as to period of lease — measure of plaintiff's damages is value of lease, predicated on excess of rental value, if any, over agreed rental.**

There is no material variance as to time between the tenant's bill of particulars, in an action for damages occasioned by the landlord's breach of an oral agreement to lease for one year, made on or about September first and reciting that the lease was to be for one year from that date, and the proof, adduced on the trial, to the effect that on August thirtieth there was an offer to lease for a long term from September first, and that finally on September fourth, the tenant orally agreed to take a one-year lease to which the landlord replied " all right; "

therefore, a judgment dismissing plaintiff's complaint at the close of his case should be reversed and a new trial ordered.

The correct measure of damages is the value, if any, of the lease predicated upon the excess, if any, of rental value over the agreed rental.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, eighth district, dismissing plaintiff's complaint at close of plaintiff's case.

*Solomon Goodman,* for the appellant.

*Ezra Gottleib,* for the respondents.

*Per Curiam.* The bill of particulars stated an oral agreement, made on or about September first, to lease for one year from September first. The proof showed that on August thirtieth there was an offer to lease from September first for a long lease. Everything was agreed upon but the term. There was no contract on August thirtieth. Then for several days the parties negotiated about the term, that being the only matter in dispute, and finally about September fourth or fifth (two periods of several days after August thirtieth) the plaintiff agreed orally to take a one-year lease and the landlord said " all right." We think there was no material variance from the bill of particulars as to time, and that is the only error urged  The correct measure of damage is the value, if any, of the lease, which value would be created almost entirely by the excess, if any, of rental value over the agreed rental.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, BIJUR and MULLAN, JJ